■ JERALD SKUDLAREK, Individually and as Administrator of the Estate of LOUISE SKUDLAREK, Deceased, Respondent, v BETHLEHEM STEEL CORPORATION et al., Appellants. AMADORI CONSTRUCTION COMPANY, INC., Third-Party Plaintiff, v CIESLA ELECTRICAL CONSTRUCTION COMPANY, Third-Party Defendant-Appellant. (Appeal No. 2.) [674 NYS2d 555] —Amended order unanimously modified on the law and as modified affirmed

without costs in accordance with the following Memorandum: Supreme Court erred in denying the motions of defendants, Bethlehem Steel Corporation (Bethlehem) and Amadori Construction Company, Inc. (Amadori), insofar as they sought summary judgment dismissing the Labor Law § 240 (1) claim and in granting plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1). At the time of the accident, plaintiff was standing on a wooden pallet 10 to 12 inches off the ground because there was standing water in the railroad siding that was 4 to 5 feet below the level of the mill floor. The jacking device and armature on which plaintiff was working were propped up on wooden blocks on top of the mill floor. The accident occurred when one of the wooden blocks collapsed and the jacking device started to slip towards plaintiff. Plaintiff pushed the jacking device in an effort to keep it from striking him. In doing so, plaintiff fell backwards off the pallet on the siding floor and injured his back.

Plaintiff's injuries did not result from any elevation-related hazard and do not come within the purview of Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Smerka v Niagara Mohawk Power Corp.,* 206 AD2d 891).

Bethlehem and Amadori also contend that the court erred in denying their respective motions insofar as they sought summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action. Labor Law § 200 (1) merely codifies the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *Russin v Picciano & Son,* 54 NY2d 311, 316-317). Where such a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, there can be no recovery against the owner or general contractor unless it is shown that the party to be charged had some supervisory control over the operation (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505). The record establishes that Amadori did not have the authority to direct or control plaintiff's work and was not negligent. The record, however, supports the allegation that Bethlehem owned the premises as well as the armature, jacking device and the hardwood blocks that rotted and allegedly caused the jacking device to slip. Thus, there is a triable issue of fact whether Bethlehem

violated its duty to provide a safe place to work and whether plaintiff's injuries arose from an alleged defect in the materials owned by it.

Therefore, we modify the amended order by granting in part the motion of Bethlehem and dismissing the Labor Law § 240 (1) claim against it and the motion of Amadori and dismissing the Labor Law §§ 200 and 240 (1) claims and the common-law negligence cause of action against it and by denying plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1). (Appeals from Amended Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.