■ EDWARD J. SIKORSKI et al., Respondents, v BURROUGHS DRIVE APARTMENTS, INC., Appellant and Third-Party Plaintiff- Respondent. PENNY SIKORSKI, Doing Business as AMERI-TEC ASSOCIATES, Third-Party Defendant-Appellant. [762 NYS2d 718] —Appeals from an order of Supreme Court, Erie County (Michalek, J.), entered July 16, 2002, which denied the mo- tions of defendant and third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by grant- ing in part defendant's motion and dismissing the common-law negligence cause of action and the claims under Labor Law §§ 200 and 241 (6), and by granting the motion of third-party defendant and dismissing the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Edward J. Sikorski (plaintiff) while installing drywall in a garage that was being constructed by his wife, third-party defendant, Penny Sikorski, doing busi- ness as Ameri-Tec Associates (Ameri-Tec), on property owned by defendant-third-party plaintiff (defendant). Plaintiff was standing on a 20-foot-long aluminum pick walk board (pick) that was approximately 2 to 2½ feet off the ground. While he was holding a four foot by eight foot sheet of drywall with one hand and reaching for a hammer with the other, a gust of wind caught the drywall, causing plaintiff to lose his balance and ei- ther step or fall off the pick in what plaintiff described as a

"twisting" motion. The sheet of drywall struck plaintiff on the head, and he sustained injuries to the cervical and lumbosacral spine.

Supreme Court erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action. Defendant established that any dangerous condition arose not from the condition of the premises themselves, but "from the contractor's methods," i.e. plaintiff's own actions, and that it did not exercise "supervisory control over the operation" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Skudlarek v Bethlehem Steel Corp.*, 251 AD2d 974, 975 [1998]; *cf. Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792-793 [2000]). Thus, defendant established its entitlement to judgment as a matter of law, and plaintiffs failed to raise an issue of fact.

The court also erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. As limited by their brief, plaintiffs contend that defendant violated 12 NYCRR 23-1.8 (c) (1) which requires, inter alia, that workers be provided with hard hats when working in an area "where there is a danger of being struck by falling objects or materials." Although the regulation is sufficiently specific (*see generally McCune v Black Riv. Constructors*, 225 AD2d 1078, 1078-1079 [1996]), we conclude that it is not applicable here because plaintiff was not working below the area from which the drywall fell.

The court, however, properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. Even assuming, arguendo, that defendant met its initial burden of establishing its entitlement to judgment by demonstrating that plaintiff was provided with proper protection as contemplated by section 240 (1) (*see generally Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]), we conclude that plaintiff raised an issue of fact whether he was a falling worker within the contemplation of the statute. Although the height differential here was only 2 to 2½ feet, "the determination whether Labor Law § 240 (1) applies does not depend upon the distance that a worker falls. '[T]he extent of the elevation differential may not necessarily determine the existence of an elevation-related risk' " (*Norton v Bell & Sons*, 237 AD2d 928, 929 [1997]). Defendant established, however, that the drywall was not a falling object as contemplated by section 240 (1) because it was at the same level as plaintiff's work area when it fell (*see Puckett v County of Erie*, 262 AD2d

964, 965 [1999]; *see also Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]) and plaintiff failed to raise an issue of fact. Nevertheless, we note that, in the event defendant is found liable under section 240 (1), defendant will be liable for any injuries "proximately caused" by plaintiff's fall, including injuries sustained as a result of the drywall striking plaintiff after the fall (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562 [1993]).

Finally, we conclude that the court erred in denying Ameri-Tec's motion seeking summary judgment dismissing the third-party complaint. We agree with the court that plaintiff did not sustain a grave injury but, contrary to the court's determination, we conclude that plaintiff is an employee of Ameri-Tec, and thus Ameri-Tec is not liable for common-law contribution or indemnity (*see* Workers' Compensation Law § 11). While the determination whether a worker is an employee or an independent contractor "usually presents questions of fact sufficient to preclude summary judgment, where evidence is undisputed, and the facts are compellingly clear, the issue may be determined as a matter of law" (*Greene v Osterhoudt*, 251 AD2d 786, 787 [1998]). Ameri-Tec established that plaintiff was paid weekly with a check signed by his wife as president of Ameri-Tec; that he collected Workers' Compensation benefits as an employee of Ameri-Tec; and that he acted on behalf of Ameri-Tec when entering into contracts and purchasing materials and tools. In response, defendant relied primarily on the deposition testimony of plaintiffs characterizing plaintiff as an independent contractor, and the interrogatory of plaintiff wherein he referred to himself as a subcontractor of Ameri-Tec. We note, however, that plaintiffs also testified that plaintiff was an employee of Ameri-Tec. In any event, we conclude that where, as here, the undisputed facts establish an employment relationship between Ameri-Tec and plaintiff (*cf. Crowell v Larkins*, 300 AD2d 1044 [2002]) merely characterizing plaintiff as an independent contractor or a subcontractor is not sufficient to raise an issue of fact; the "conclusory statement[s] by * * * lay[persons] on such a question is not entitled to substantial weight" (*Mietlinski v Hickman*, 285 App Div 306, 310 [1954]).

We therefore modify the order by granting in part defendant's motion and dismissing the common-law negligence cause of action and the claims under Labor Law §§ 200 and 241 (6), and by granting Ameri-Tec's motion and dismissing the third-party complaint. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.