ANGELO LIOCE, Appellant, v THEATRE ROW STUDIOS et al., Defendants and Third-Party Plaintiffs-Respondents. MARIO SMERIGLIO, Doing Business as NAPLES ON BROADWAY, Third-Party Defendant-Respondent. [776 NYS2d 89]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated February 27, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff was hired to design a lighting plan and install lights for a theatrical production. The plaintiff fell from an unsecured straight ladder which was leaning against a permanent light structure approximately 18 to 20 feet above the stage, as he was installing a light. Since the project did not constitute an alteration of a building, his activities at the time of his fall were not covered under Labor Law § 240 (see Joblon v Solow, 91 NY2d 457 [1998]).

Further, Labor Law § 241 (6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." At the time of his injury, the plaintiff was not engaged in "construction work," as defined by the Industrial Code (12 NYCRR 23-1.4 [b] [13]), nor was he engaged in demolition or excavation work (see Agli v Turner Constr. Co., 246 AD2d 16, 24 [1998]). Accordingly, summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 was properly granted.

Additionally, summary judgment dismissing the Labor Law § 200 cause of action was properly granted. For an owner to be held liable under Labor Law § 200, the plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition causing the accident (see Garcia v Petrakis, 306 AD2d 315 [2003]; Duarte v East

*Hills Constr. Corp.*, 274 AD2d 493 [2000]; *Charles v City of New York*, 227 AD2d 429 [1996]). Upon the defendants' prima facie showing that they did not supervise or control the plaintiff's work and that they had no actual or constructive notice of the alleged defect that caused his accident, the plaintiff failed to raise a triable question of fact.

The plaintiff's remaining contentions are without merit. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.