■ Nicolo Morzillo et al., Appellants, v State of New York, Respondent. (Claim No. 107242.) [809 NYS2d 537]—

In a claim to recover damages for personal injuries, the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Lack, J.), dated September 30, 2004, as denied that branch of their motion which was for summary judgment and granted that branch of the defendant's mo-

tion which was for summary judgment dismissing so much of the claim as sought to recover damages based on an alleged violation of Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimant Nicolo Morzillo (hereinafter the claimant), an electrician, was injured by an explosion in an electrical box while working at Pilgrim State Hospital. The claimant's employer had been hired to correct a problem that had caused a major power outage.

Labor Law § 241 (6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." At the time of his injury, the claimant was not engaged in "construction work," as defined by the Industrial Code (12 NYCRR 23-1.4 [b] [13]), nor was he engaged in demolition or excavation work (see Lioce v Theatre Row Studios, 7 AD3d 493 [2004]; Agli v Turner Constr. Co., 246 AD2d 16, 24 [1998]). Accordingly, the court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as sought to recover damages based on an alleged violation of Labor Law § 241 (6). Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.