■ Amos Diaz et al., Appellants, v Ryan Chrysler, Respondent. [822 NYS2d 136]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 19, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.8 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff was hired to install a video system in a minivan, an activity that required only screwdrivers and a ratchet set. While attempting to snake wires under the minivan's carpet, he was injured. The Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.8 (a). We affirm insofar as appealed from.

The activity in which the injured plaintiff was engaged when he was injured did not, as a matter of law, take place in the context of construction, as required for a claim under Labor Law § 241 (6) (*see Nagel v D & R Realty Corp.,* 99 NY2d 98, 103 [2002]; *Rodriguez v 1-10 Indus. Assoc., LLC,* 30 AD3d 576 [2006]; *Lioce v Theatre Row Studios,* 7 AD3d 493 [2004]; *Sarigul v New York Tel. Co.,* 4 AD3d 168, 170 [2004]; *Luthi v Long Is. Resource Corp.,* 251 AD2d 554, 555-556 [1998]). Accordingly, summary judgment dismissing the cause of action based on Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.8 (a) was properly granted. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.