CARLOS IRIZARRY et al., Appellants, v STATE OF NEW YORK, Respondent. [828 NYS2d 113]—

In a claim to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Court of Claims (Lack, J.), dated March 28, 2005, which granted that branch of the defendant's motion which was for summary judgment dismissing the claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' Labor Law § 200 claim and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On January 27, 2002 the claimant Carlos Irizarry (hereinafter the claimant) was injured by an explosion in an electrical box while working at Pilgrim State Hospital. The claimant's employer had been hired to correct a problem that had caused a major power outage.

Contrary to the claimant's assertion, at the time of his injury, he was not engaged in "construction work," as defined by the Industrial Code (12 NYCRR 23-1.4 [b] [13]), nor was he engaged in demolition or excavation work (*see Morzillo v State of New York*, 26 AD3d 315 [2006]; *Lioce v Theatre Row Studios*, 7 AD3d 493 [2004]; *Agli v Turner Constr. Co.*, 246 AD2d 16, 24 [1998]). Although the project for which the claimant's employer was retained constituted extensive repair, such replacement or repair of parts does not constitute construction even where the work takes weeks to complete, requires a large number of workers, and involves the removal of large quantities of material (*see Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]). Accordingly, the Court of Claims properly granted that branch of the defendant's motion which was to dismiss so much of the claim as alleged a violation of Labor Law § 241 (6).

Turning to the alleged violation of Labor Law § 200, this statute codifies the common-law duty imposed on an owner to provide workers with a "reasonably safe place to work" (*Lombardi v Stout*, 80 NY2d 290, 294 [1992]). Here, since questions of fact exist as to whether one of the defendant's workers directed the claimant to an electrical cubicle which contained live current, or whether the defendant failed to shut down the electricity to the cubicle where the claimant was working, there are triable issues of fact as to whether the defendant violated its duty to provide workers with a "reasonably safe place to work" (*id.*). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 200 claim should have been denied (*see Kash v McCann Real Equities Devs.*, 279 AD2d 432 [2001]; *Skudlarek v Bethlehem Steel Corp.*, 251 AD2d 974, 975-976 [1998]). Schmidt, J.P., Santucci, Lifson and Lunn, JJ., concur.