■ ELWIN BEDNEAU et al., Appellants, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Respondent. [841 NYS2d 689]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered October 20, 2006, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200 and 241 (6) and to recover damages for common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

During the course of repairing a leaking boiler at the defendant's premises, the injured plaintiff slipped and fell on water that had accumulated on the floor of the boiler room as a result of the leak and the additional release of water during the repair. The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the plaintiffs' common-

law negligence and Labor Law § 200 causes of action. The injured plaintiff cannot recover against the defendant for common-law negligence or under Labor Law § 200, since he was injured by the condition he had undertaken to remedy (*see Kowalsky v Conreco Co.*, 264 NY 125, 128 [1934]; *Skinner v G & T Realty Corp. of N.Y.*, 232 AD2d 627 [1996]). Further, there is no evidence that the defendant exercised any supervisory control over, or had any input into, how the injured plaintiff's work was performed (*see Smith v 499 Fashion Tower, LLC*, 38 AD3d 523, 524-525 [2007]; *Cun-En Lin v Holy Family Monuments*, 18 AD3d 800, 801 [2005]; *Skinner v G & T Realty Corp. of N.Y., supra*). In opposition to the defendant's prima facie establishment of entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action because the protections of Labor Law § 241 (6) do not apply to the simple repair of an appliance unrelated to construction, demolition, or excavation (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 101-103 [2002]; *Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Hatfield v Bridgedale, LLC*, 28 AD3d 608, 610 [2006]; *Morzillo v State of New York*, 26 AD3d 315, 316 [2006]). In opposition to the defendant's prima facie establishment of its entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action, the plaintiff failed to raise a triable issue of fact. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.