■ ANTHONY BISIGNANO, JR., by His Mother and Natural Guardian, STEPHANIE BISIGNANO, et al., Appellants, v SEAN RAABE et al., Appellants, and ST. ROSE OF LIMA CHURCH et al., Respondents. [9 NYS3d 135]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered March 11, 2013, as granted that branch of the motion of the defendants St. Rose of Lima Church and Roman Catholic Diocese of Rockville Centre which was for summary judgment dismissing the complaint insofar as asserted against them, the defendant Sean Raabe separately appeals, as limited by his brief, from so much of the same order as granted those branches of the motion of the defendants St. Rose of Lima Church and Roman Catholic Diocese of Rockville Centre which were for summary judgment dismissing complaint and all cross claims insofar as asserted by him against those defendants, and the defendant Joseph Alessi separately appeals, as limited by his brief, from so much of the same order as granted those branches of the motion of the defendants St. Rose of Lima Church and Roman Catholic Diocese of Rockville Centre which were for summary judgment dismissing the complaint and all cross claims insofar as asserted by him against those defendants.

Ordered that the appeals by the defendants Sean Raabe and Joseph Alessi from so much of the order as granted that branch of the motion of the defendants St. Rose of Lima Church and Roman Catholic Diocese of Rockville Centre which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants Sean Raabe and Joseph Alessi are not aggrieved by that portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is reversed on the appeal by the

plaintiffs and insofar as reviewed on the appeals by the defendants Sean Raabe and Joseph Alessi, on the law, and the motion of the defendants St. Rose of Lima Church and Roman Catholic Diocese of Rockville Centre for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiffs seek to recover damages for injuries allegedly suffered by the infant plaintiff at a fair held at the defendant St. Rose of Lima Church, which is owned by the defendant Roman Catholic Diocese of Rockville Centre (hereinafter together the Church defendants). On the night of the incident, the infant plaintiff was punched and kicked by two teenage boys, the defendants Sean Raabe and Joseph Alessi.

"While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such persons and is reasonably aware of the need for such control" (*Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 860-861 [2007]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*see Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]).

Here, the church defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence which demonstrated that the infant plaintiff's injuries resulted from an unexpected and unforeseeable assault (*see Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the assault of the infant plaintiff was unexpected and unforeseeable. The plaintiffs presented a transcript of the deposition testimony of the infant plaintiff's girlfriend, who explained that, approximately 30 minutes before the subject incident, she spoke to a security guard at the fair and advised him that there was a "confrontation" and that it was "getting worse." Specifically, she stated to the security guard, "[t]here is a fight over here. It's not a fight yet. It might be a fight. It's escalating. You need to try to stop this and break everyone up." In addition, the infant plaintiff's girlfriend testified that she told the security guard that she and her friends could not leave the fair due to the presence of other teenagers. According to

the infant plaintiff's girlfriend, the security guard responded that "it was like a fight in the sandbox and that it would work its way through and let it run its course." This evidence was sufficient to raise a triable issue of fact as to whether the assault of the infant plaintiff was foreseeable, and as to whether the church defendants were aware of the need to take further security measures. While the security guard testified at his deposition that the infant plaintiff's girlfriend had only asked him to throw another individual out of the fair because she received an offensive text message from that individual, this testimony simply presents a question of credibility which may not be resolved on a motion for summary judgment (*see Beharovic v 18 E. 41st St. Partners, Inc.*, 123 AD3d 953, 955 [2014]).

Accordingly, the Supreme Court should have denied the church defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.