Reaves v Novartis Pharms. Corp. (2018 NY Slip Op 08341)





Reaves v Novartis Pharms. Corp.


2018 NY Slip Op 08341


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-03387
 (Index No. 504494/13)

[*1]Nelson Reaves, appellant, 
v
Novartis Pharmaceuticals Corporation, respondent.


Napoli Shkolnik PLLC, New York, NY (Joseph P. Napoli of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Evan H. Krinick, Cheryl F. Korman, Henry Mascia, and Stuart Bodoff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 27, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff, a security officer employed by a security services company, commenced this action to recover damages for injuries he allegedly sustained when he slipped in a puddle and fell while patrolling a hallway at a pharmaceutical manufacturing plant owned and operated by the defendant. In his daily activity log, the plaintiff wrote that his fall was caused "by water at the base of the wall and floor," and in his injury report prepared on the date of his accident, the plaintiff indicated that the water on the floor had been seeping from a large metal tote that was used by the defendant's personnel in manufacturing medication. At his subsequent deposition, the plaintiff testified that he had not seen the water in the hallway prior to his fall, but upon falling he realized that his clothing was wet and he saw that the tote was leaking water.
Additionally, the plaintiff's supervisor testified at his deposition that he responded to the area of the plaintiff's fall and observed some water on the plaintiff's clothing. However, he found no water on the floor in that area, although he admitted that the defendant's personnel used hoses to put water in the totes and that he had seen water on the floor in that area on other occasions as a result of cleaning work being performed. Conversely, a manager employed by the defendant testified at his deposition that water is not contained in the manufacturing totes, although a hose is kept in the area for the purpose of cleaning the drying ovens nearby.
The defendant subsequently moved for summary judgment dismissing the complaint, contending that the plaintiff could not recover for an injury caused by the very condition that he was hired to detect and remedy and, in any event, that the defendant neither created nor had actual or [*2]constructive notice of the alleged water condition on which he fell. In addition to the foregoing evidence, the defendant relied upon the affidavit of another security officer who had patrolled the same area approximately 2½ hours before the plaintiff and had not observed any water condition at that time. The plaintiff cross-moved for summary judgment on the issue of liability, contending that the evidence established, as a matter of law, that the defendant had created the water condition upon which he fell. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Contrary to the defendant's contention, it failed to demonstrate its prima facie entitlement to judgment as a matter of law. The evidence it submitted in support of the defendant's motion did not establish that the plaintiff was brought on the premises for the purpose of detecting and correcting a water spill, and thus failed to establish, prima facie, the defendant's insulation from liability for the plaintiff's injuries allegedly occasioned by that condition (see generally Arcabascio v Bentivegna, 142 AD3d 1120, 1121; cf. Annicaro v Corporate Suites, Inc., 98 AD3d 542, 544; Hansen v Trustees of the M.E. Church of Glen Cove, 51 AD3d 725, 726; Bedneau v New York Hosp. Med. Ctr. of Queens, 43 AD3d 845, 845-846). Moreover, given the conflicting evidence in the record as to whether the defendant created the water condition through its own negligence, its motion for summary judgment should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We agree with the Supreme Court's denial of the plaintiff's cross motion for summary judgment on the issue of liability. The plaintiff's submissions on the cross motion similarly failed to eliminate all triable issues of fact regarding whether a water condition was present in the hallway at all and, if so, whether the defendant created or had notice of it (see generally Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court