Valentin v New Docs, LLC (2020 NY Slip Op 05081)





Valentin v New Docs, LLC


2020 NY Slip Op 05081


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-06955
 (Index No. 708565/14)

[*1]Robert Valentin, plaintiff-respondent,
v
New Docs, LLC, etc., appellant, Superb Plumbing & Heating, Inc., defendant-respondent, et al., defendant (and a third-party action).


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (I. Elie Herman of counsel), for appellant.
Mullaney & Gjelaj, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for plaintiff-respondent.
Hardin Kundla McKeon & Poletto, New York, NY (Stephen J. Donahue of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New Docs, LLC, appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 5, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured when he slipped and fell on the floor of a restaurant owned by the defendant New Docs, LLC (hereinafter the defendant), which had been flooded with one to two inches of water. The plaintiff commenced this action to recover damages for personal injuries against the defendant, among others. The defendant subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered June 5, 2018, the Supreme Court denied the motion. The defendant appeals.
"An owner of property or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition" (Costidis v City of New York, 159 AD3d 871). In order to obtain summary judgment dismissing the complaint in an action based on a dangerous condition on property, a defendant "has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Fernandez v Bucknell Realty Ltd. Partnership, 123 AD3d 972, 973).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law. Contrary to the defendant's contention, it failed to demonstrate, prima facie, that [*2]it did not create the condition that caused the accident, as it failed to submit sufficient evidence to establish what caused the flooding on the floor of its premises (see Dow v Hermes Realty, LLC, 155 AD3d 824, 825; Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1146; see also U.S. Bank N.A. v Gonzalez, 172 AD3d 1273, 1274; cf. Stasiak v Sears, Roebuck & Co., 281 AD2d 533, 534).
The defendant argues that it either had no duty to warn the plaintiff about the open and obvious condition or that it did so warn him. However, the plaintiff's theory of liability in this action is that the defendant failed to maintain its premises in a reasonably safe condition, not that it failed to warn him of a dangerous condition. "Although there is no duty to warn of an open and obvious condition, this principle does not absolve a landowner of the duty to maintain the property in a reasonably safe condition" (Mooney v Petro, Inc., 51 AD3d 746, 747).
Contrary to the defendant's additional contention, the plaintiff's conduct of walking on the flooded floor was not so extraordinary, culpable, or unforeseeable as to supersede the defendant's alleged negligence and constitute the sole proximate cause of the accident (see Crosby v Southport, LLC, 169 AD3d 637, 640; see also Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1319).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court