Zhi Eric Zhang v ABC Corp. (2021 NY Slip Op 03213)





Zhi Eric Zhang v ABC Corp.


2021 NY Slip Op 03213


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07877
 (Index No. 702379/15)

[*1]Zhi Eric Zhang, respondent, 
v
ABC Corp., etc., et al., defendants, Grand Restaurant Group, Inc., et al., appellants (and a third-party action).


Clausen Miller, P.C., New York, NY (Carl M. Perri, Don R. Sampen, and Gregory J. Popadiuk of counsel), for appellants.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Grand Restaurant Group, Inc., and New World Mall, LLC, appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated April 20, 2018. The order, insofar as appealed from, denied those branches of those defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured in a mall in Flushing when he was attacked by a large group of customers of a karaoke establishment while he was working in an adjoining restaurant. The defendant New World Mall, LLC (hereinafter New World), the lessee of the entire mall, had subleased the third floor of the mall to the defendant Grand Restaurant Group, Inc. (hereinafter GRGI), to operate a restaurant and a karaoke establishment. The plaintiff was employed by Imperial Crown Corp. (hereinafter Imperial Crown), the management company formed by two of the shareholders of GRGI to operate the restaurant. According to the plaintiff, a rowdy and drunk customer of the karaoke establishment entered the restaurant and had an altercation with the plaintiff. After the initial altercation, the customer returned to the karaoke establishment, but thereafter came back to the restaurant with a large group of at least 20 customers of the karaoke establishment, who beat the plaintiff to the point of unconsciousness.
The plaintiff commenced this action to recover damages for personal injuries against, among others, New World and GRGI (hereinafter together the defendants). The defendants separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them, arguing that they did not owe the plaintiff a duty to protect him from the unforeseen and unexpected assault. GRGI further argued that it was entitled to immunity under the exclusivity provisions of the Workers' Compensation Law, as the alter ego of the plaintiff's employer. In an order dated April 20, 2018, the Supreme Court, among other things, denied those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants appeal.
Possessors of land have a "'duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control'" (Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997-998, quoting D'Amico v Christie, 71 NY2d 76, 85; see Bisignano v Raabe, 128 AD3d 751, 752; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 860-861). "[T]he scope of the possessor's duty is defined by past experience and the likelihood of conduct on the part of third persons which is likely to endanger the safety of the visitor" (Maheshwari v City of New York, 2 NY3d 288, 294 [internal quotation marks omitted]), and "is limited to risks of harm that are reasonably foreseeable" (Sanchez v State of New York, 99 NY2d 247, 253; see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d at 998). "To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Gentile v Town & Vil. of Harrison, N.Y., 137 AD3d 971, 972; see Jacqueline S. v City of New York, 81 NY2d 288, 295; Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626, 628; Beato v Cosmopolitan Assoc., LLC, 69 AD3d 774, 776). "[T]he owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Bisignano v Raabe, 128 AD3d at 752; see Petras v Saci, Inc., 18 AD3d 848, 848).
Here, the defendants failed to establish, prima facie, that the assault was unforeseeable and unexpected. New World's witness did not work for New World or its managing agent at the relevant times, and lacked personal knowledge of whether or not New World had received notice of any prior similar incidents (see De Leon v New York City Tr. Auth., 50 NY2d 176, 180; Montolio v Negev LLC, 86 AD3d 483, 483). Further, GRGI's witness did not affirmatively testify at her deposition that there had been no prior fights or assaults in the restaurant; rather, she claimed a lack of memory as to whether or not there had been prior fights and whether or not police had previously been called to the premises due to fighting. Although the plaintiff's deposition testimony that he had heard from other staff members about customers of the karaoke establishment getting drunk and fighting constituted hearsay, "[i]t is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Sterling Park Devs., LLC v China Perfect Constr. Corp., 185 AD3d 1082, 1084; Lorenzo v 7201 Owners Corp., 133 AD3d 641, 641). Additionally, there was evidence that there was "an escalating situation between the plaintiff and his assailants," such that the assault was not sudden and without warning (Languilli v Argonaut Rest. & Diner, 232 AD2d 375, 375; see Bisignano v Raabe, 128 AD3d at 752; Ash v Fern, 295 AD2d 869, 870).
"The defense afforded to employers by the exclusivity provisions of the Workers' Compensation Law may also extend to suits brought against an entity that is found to be the alter ego of the corporation that employs the plaintiff" (Gerardi v I.J. Litwak Realty Ltd. Partnership, 177 AD3d 679, 680; see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359; Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872; Ortega v Noxxen Realty Corp., 26 AD3d 361, 361-362). A defendant moving for summary judgment under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer (see Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872; Batts v IBEX Constr., LLC, 112 AD3d 765, 766). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595).
Here, GRGI failed to make a prima facie showing that GRGI and Imperial Crown were operated as a single integrated entity or that either of the entities exercised complete domination and control of the other entity's day-to-day operations (see Dennihy v Episcopal Health Servs., 283 AD2d 542, 543; cf. Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 523). "[A] mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Batts v IBEX Constr., LLC, 112 AD3d at 767; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595).
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendants' motions which were for summary judgment dismissing the complaint [*2]insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court