Everett v CMI Servs. Corp. (2022 NY Slip Op 03497)





Everett v CMI Servs. Corp.


2022 NY Slip Op 03497


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2020-01768
 (Index No. 5279/15)

[*1]Ron Everett, respondent, 
v
CMI Services Corp., defendant third-party plaintiff, Omni New York, LLC, et al., defendants third-party defendants- appellants; Plaza Residences, LLP, third-party defendant-appellant.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (William C. Lawlor of counsel), for defendants third-party defendants-appellants and third-party defendant-appellant.
Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party defendants and the third-party defendant Plaza Residences, LLP, appeal from an order of the Supreme Court, Kings County (Lisa Ottley, J.), dated November 28, 2019. The order, insofar as appealed from, denied that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants third-party defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was injured when he slipped and fell at his place of employment, a complex of buildings allegedly owned and managed by the defendants third-party defendants, Omni New York, LLC, Plaza Housing Development Fund Company, Inc., and Reliant Realty Services, Inc. (hereinafter collectively the Omni defendants), and the third-party defendant Plaza Residences, LLP (hereinafter Plaza, and collectively with the Omni defendants, the appellants), the plaintiff's employer. The plaintiff was employed as a porter at the complex of buildings. The accident occurred in an employee break room located in a different building from where the plaintiff performed his work duties. Prior to the plaintiff's accident, a pipe had backed up, causing water and feces to accumulate on the floor of the break room. According to the plaintiff, he entered the break room at the end of the day to clock out. After he changed out of his work clothes, he slipped and fell due to the feces on the floor of the break room.
The Omni defendants moved jointly with Plaza, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against the Omni defendants. By order dated November 28, 2019, the Supreme Court, among other things, denied that branch of the appellants' motion. This appeal ensued.
The appellants failed to demonstrate their prima facie entitlement to judgment as a [*2]matter of law on the ground that the condition which led to the plaintiff's fall was an inherent job hazard. "A plaintiff cannot recover against a defendant for common-law negligence if he or she was injured by the dangerous condition which he or she had been hired to remedy" (Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586, citing Kowalsky v Conreco Co., 264 NY 125, 128; see Reaves v Novartis Pharms. Corp., 167 AD3d 669, 671; Arcabascio v Bentivegna, 142 AD3d 1120, 1121; Bedneau v New York Hosp. Med. Ctr. of Queens, 43 AD3d 845, 845-846).
Here, while the evidence submitted by the appellants established that porters are generally responsible for mopping, including the flood water that occasionally accumulated in the basement of the premises from backed-up pipes, at the time of the accident, the plaintiff was not engaged in cleaning duties. The evidence established that the plaintiff was in the employee break room, located in a different building from the building in which he performed his work duties. After changing his clothes at the end of his work shift, the plaintiff slipped and fell. Accordingly, as the plaintiff was not engaged in cleaning activity in the building where the accident occurred at the time that it occurred, his duty had not yet arisen, and the Supreme Court properly determined that the appellants were not entitled to summary judgment dismissing the amended complaint insofar as asserted against the Omni defendants on this ground (see Torres v Board of Educ. of the City of N.Y., 175 AD3d at 1586).
The appellants' contention that the Supreme Court erred in denying summary judgment because they had no duty to warn the plaintiff of the open and obvious condition of the accumulated water on the break room floor or that they sufficiently warned him of that condition is without merit. The principle that there is no duty to warn of an open and obvious condition does not absolve a landowner of the duty to maintain the property in a reasonably safe condition (see Valentin v New Docs, LLC, 186 AD3d 1570; Fornuto v County of Nassau, 149 AD3d 910, 911; Mooney v Petro Inc., 51 AD3d 746, 747). "'[P]roof that a dangerous condition is open and obvious does not preclude a finding of liability,' but instead speaks to "'the issue of the plaintiff's comparative negligence'" (Karpel v National Grid Generation, LLC, 174 AD3d 695, 696, quoting Cupo v Karfunkel, 1 AD3d 48, 52). "'Thus, to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous'" (Karpel v National Grid Generation, LLC, 174 AD3d at 696-697, quoting Crosby v Southport, LLC, 169 AD3d 637, 640; see MacDonald v City of Schenectady, 308 AD2d 125, 128-129). Here, the
appellants failed to demonstrate, prima facie, that the alleged condition was both open and obvious and not inherently dangerous as a matter of law. Although the plaintiff was aware of the flooding, he testified that the condition alleged to have caused his accident was not the accumulated water, but the feces located below the water line.
Contrary to the appellants' contention, the Supreme Court properly determined that they failed to establish, prima facie, that the Omni defendants were entitled to the protections of Workers' Compensation Law § 11. "The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities which are alter egos of the entity which employs the plaintiff" (Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1218 [internal quotation marks omitted]; see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359; Zhang v ABC Corp., 194 AD3d 990; Gerardi v I.J. Litwak Realty Ltd. Partnership, 177 AD3d 679, 680; Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872).
"A defendant moving for summary judgment under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (Zhang v ABC Corp., 194 AD3d at 993; see Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619; see Zhang v ABC Corp., 194 AD3d 990; Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872). "[A] mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Batts v Ibex Constr., LLC, 112 AD3d 765, 767; see Zhang v ABC Corp., 194 AD3d 990). Here, the appellants' submissions merely demonstrated that the Omni defendants were related to the plaintiff's employer, Plaza. Accordingly, they failed to demonstrate, prima facie, that those entities were alter egos of [*3]Plaza.
Contrary to the appellants' contention, they further failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Reliant Realty Services, Inc. (hereinafter Reliant), on the ground that it was the plaintiff's special employer. "The receipt of workers' compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Hofweber v Soros, 57 AD3d 848, 849; see Berry v Viad Corp., 199 AD3d 632). A "special employee" is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "In determining whether a special employment relationship exists, a court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge" (Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051; see Chiloyan v Chiloyan, 197 AD3d 612, 614-615).
"The determination of special employment status is usually a question of fact and may only be made as a 'matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact'" (Abreu v Wel-Made Enters., Inc., 105 AD3d 878, 879, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 558). Here, the appellants failed to demonstrate, prima facie, that Reliant was the plaintiff's special employer at the time of the accident.
The appellants' remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court