Savino v 700 Victory Blvd., LLC (2022 NY Slip Op 03760)

Savino v 700 Victory Blvd., LLC

2022 NY Slip Op 03760

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-01007
 (Index No. 150973/17)

[*1]Josephine Savino, et al., respondents,
v
700 Victory Boulevard, LLC, appellant (and a third-party action).

Malapero Prisco & Klauber, LLP, New York, NY (Andrew L. Klauber of counsel), for appellant.
Chelli & Bush (Arnold E. DiJoseph , P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondents. 

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), January 2, 2020. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff Josephine Savino (hereinafter the plaintiff) suffered a work-related injury to her left hand while employed as a rental agent for nonparty Samson Management, LLC (hereinafter Samson), at an apartment building owned by the defendant. The plaintiff, and her husband suing derivatively, commenced this action against the defendant to recover damages for personal injuries.
The defendant moved for summary judgment dismissing the complaint, contending that it was the alter ego of Samson and that the plaintiffs' claims against the defendant were therefore barred by the exclusivity provision of the Workers' Compensation Law. In an order dated January 2, 2020, the Supreme Court, inter alia, denied the motion. The defendant appeals, and we affirm.
"The defense afforded to employers by the exclusivity provisions of the Workers' Compensation Law may also extend to suits brought against an entity that is found to be the alter ego of the corporation that employs the plaintiff" (Gerardi v I.J. Litwak Realty Ltd. Partnership, 177 AD3d 679, 680; see Zhang v ABC Corp., 194 AD3d 990, 992). "A defendant moving for summary judgment under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (see Zhang v ABC Corp., 194 AD3d at 993; see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1094). "'A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity'" (Zhang v ABC Corp., 194 AD3d at 993, quoting Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619; see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1218-1219). "'[A] mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the [*2]entities controls the day-to-day operations of the other'" (Zhang v ABC Corp., 194 AD3d at 993, quoting Batts v IBEX Constr., LLC, 112 AD3d 765, 767; see Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1219).
Here, although the defendant demonstrated that it entered into a management agreement with Samson whereby Samson agreed to manage the defendant's day-to-day affairs, it offered only the conclusory assertion of Samson's vice president that the defendant's relationship with Samson conformed to that agreement. Since the defendant failed to demonstrate prima facie that it and Samson operated as a single integrated entity or that either of the entities exercised complete domination and control of the other entity's day-to-day operations, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (see Zhang v ABC Corp., 194 AD3d at 993; Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1219).
In light of the foregoing, we need not reach the plaintiffs' remaining contention.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court