Hernandez-Morataya v M&L Equities Auto, LLC

2026 NY Slip Op 01948

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Francisco Hernandez-Morataya, appellant,

v

M & L Equities Auto, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-07654, (Index No. 4475/22)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Musa-Obregon Law, P.C., Maspeth, NY (Karl J. Ashanti of counsel), for appellant.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY (Robert A. Rausch of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated July 9, 2024. The order granted the defendants' motion for summary judgment dismissing the amended complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.

The plaintiff allegedly was injured during the course of his employment as a car wash attendant with M & L Car Services, Inc. (hereinafter M & L Car Services), when he was struck by a vehicle operated by a customer of the car wash. Thereafter, the plaintiff commenced this personal injury action against the defendant M & L Equities Auto, LLC (hereinafter M & L Equities Auto), the owner of the real property on which the car wash was situated, and the defendants Paul LeDuc and Tara LeDuc, the principal officers of M & L Equities Auto and M & L Car Services. Subsequently, the defendants moved for summary judgment dismissing the amended complaint. In an order dated July 9, 2024, the Supreme Court granted the motion. The plaintiff appeals.

"The defense afforded to employers by the exclusivity provisions of the Workers' Compensation Law may also extend to suits brought against an entity that is found to be the alter ego of the corporation that employs the plaintiff" (Gerardi v I.J. Litwak Realty Ltd. Partnership, 177 AD3d 679, 680; see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359; Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872). A defendant moving for summary judgment under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer (see Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872; Batts v IBEX Constr., LLC, 112 AD3d 765, 766). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619; see Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595). "However, a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Batts v IBEX Constr., LLC, 112 AD3d at 767; see Clarke v First Student, Inc., 160 AD3d 921, 922).

Here, the defendants failed to establish, prima facie, that M & L Equities Auto and the plaintiff's employer, M & L Car Services, were operated as a single integrated entity or that either of the entities exercised complete domination and control of the other entity's day-to-day operations (see Mauro v Zorn Realties, Inc., 206 AD3d 645, 647; Everett v CMI Servs. Corp., 206 AD3d 620, 622; Batts v IBEX Constr., LLC, 112 AD3d at 767). Since the defendants failed to sustain their prima facie burden, denial of their motion for summary judgment dismissing the amended complaint was required without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Batts v IBEX Constr., LLC, 112 AD3d at 767). Accordingly, the Supreme Court improperly granted the defendants' motion for summary judgment dismissing the amended complaint.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court