EXZAVIA POLLARD et al., Appellants, v CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL, LLC, et al., Respondents. (And a Third-Party Action.) [887 NYS2d 626]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated January 25, 2008, which granted the motion of the defendants Credit Suisse First Boston Mortgage Capital, LLC, and Fairbanks Capital Corp., now known as Select Portfolio Servicing, Inc., and the separate motion of the defendant TCIF, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered March 19, 2008, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants having established, prima facie, their entitlement to summary judgment, it was incumbent on the plaintiffs to come forward with evidence establishing a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiffs failed to meet that burden. Neither the defendant Credit Suisse First Boston Mortgage Capital, LLC, a mortgage holder, nor the defendant Fairbanks Capital Corp., now known as Select Portfolio Servicing, Inc. (hereinafter Fairbanks), a servicer of the mortgage on the property, owned or controlled the premises at issue, or assumed any duty to the plaintiffs, which might serve as a predicate for liability (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252 [2005]). Furthermore, neither Credit Suisse First Boston Mortgage Capital, LLC, Fairbanks, nor the defendant TCIF, LLC, which was a mortgagor that became an owner through a foreclosure proceeding, had actual or constructive notice of the lead-paint condition alleged to have caused injury (*see Chapman v Silber*, 97 NY2d 9 [2001]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.