# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**472**

**CA 15-01213**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

LATOYA PEOPLES, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

M&T BANK, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

DAVID M. GIGLIO & ASSOCIATES, LLC, UTICA (BRIDGET M. TALERICO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 20, 2015. The order granted the motion of defendant M&T Bank for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained as a result of her alleged exposure to lead paint through March 1993 in premises on which defendant M&T Bank (defendant) held a mortgage. Defendant moved for summary judgment dismissing the complaint against it because it did not become owner of the premises where the exposure allegedly occurred until April 1993, after the period of alleged exposure, and because it owed no duty to plaintiff as an out-of-possession mortgagee during the period of exposure. Supreme Court granted the motion, and we now affirm.

It is clear from the record that defendant did not become the owner of the premises until the foreclosure sale on April 5, 1993, which, as plaintiff correctly concedes, occurred after the period in which she was allegedly exposed to lead paint on the premises (*see Forbes v Aaron*, 81 AD3d 876, 877). Thus, defendant is not liable for plaintiff's alleged injuries (*see Suero-Sosa v Cardona*, 112 AD3d 706, 707; *Pollard v Credit Suisse First Boston Mtge. Capital, LLC*, 66 AD3d 862, 863, *lv denied* 14 NY3d 708; *Greenpoint Bank v John*, 256 AD2d 548, 548). We reject plaintiff's contention that the Referee appointed by the court in the foreclosure action was an agent of defendant, and that the authority and actions or inactions of the Referee may therefore be attributed to defendant. It is well settled that a receiver "is an officer of the court and not an agent of the mortgagee or the owner" (*Bank of Am., N.A. v Oneonta, L.P.*, 97 AD3d 1023, 1026

[internal quotation marks omitted]; *see Matter of Kane [Freedman —Tenenbaum]*, 75 NY2d 511, 515; *Matter of Schwartzberg v Whalen*, 96 AD2d 974, 975).