=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 158
Raymond Pink, et al.,
            Respondents,
        v.
Rome Youth Hockey Association,
Inc.,
            Appellant,
et al.,
            Defendants.


        Matthew J. Kelly, for appellant.
        Andrew W. Kirby, for respondents.
        Pacific Legal Foundation; New York State Academy of
Trial Lawyers, <u>amici</u> <u>curiae</u>.




MEMORANDUM:

        The order of the Appellate Division, insofar as

appealed from, should be reversed, with costs, defendant Rome

Youth Hockey Association Inc.'s motion for summary judgment

dismissing the complaint as against it granted and the certified

question answered in the negative.

- 1 -

Defendant Rome Youth Hockey Association (hereinafter defendant) is a non-profit community sports organization fully operated by volunteers. In November 2006, defendant rented a local arena owned by the City of Rome to host a hockey tournament for 13-year-old players. Approximately 50-75 spectators attended the game between Rome and Whitestown. Both teams belonged to their respective youth hockey associations and both associations were part of USA Hockey, the national governing organization.

During the game, several on-ice fights broke out between the players, who received penalties and in some cases were ejected from the game. The referee also ejected the Whitestown coach for throwing an object onto the ice. The spectators, mostly family members of the players, engaged in yelling and name calling.

The game concluded without any physical altercation in the stands. After the game was over, two female spectators got into a fight in the stands and a melee quickly ensued as several others, including plaintiff Raymond Pink, stepped in to break up the fight. Matthew Ricci, the brother of one of the two female spectators involved in the fight, struck plaintiff causing him to sustain a head injury. Ricci subsequently pled guilty to criminal assault. The two female spectators pled guilty to disorderly conduct.

Plaintiffs Raymond Pink and Michelle Pink[1] commenced this action against defendant, the Whitestown Youth Hockey Association (WYHA), the City of Rome, Ricci, and others involved in the melee. The complaint alleged, in relevant part, that defendant owed a duty to protect plaintiff from criminal assault. Plaintiff's verified bill of particulars further alleged that defendant was negligent in failing to enforce the USA Hockey's "Zero-Tolerance" policy. The policy, after noting that assaults occur at hockey games, required on-ice officials to seek to remove spectators from the game for use of obscene or vulgar language or for threatening or using physical violence.

Defendant moved for summary judgment arguing that it did not have a duty to protect plaintiff from a random assault where there was no history of violence or physical confrontation. Supreme Court denied the motion noting that the crux of plaintiff's claim was that the tensions between the spectators essentially put defendant on notice of the need to enforce the Zero-Tolerance policy. The court held that by failing to enforce the policy, defendant "may have violated a duty [it] assumed." The court also held Ricci's actions did not absolve defendant of liability. Plaintiffs subsequently settled with the City of Rome, Ricci, and several other individual defendants.

The Appellate Division, with one Justice dissenting,

---

[1]Plaintiff Michelle Pink's sole cause of action is for loss of consortium. All references to "plaintiff" hereinafter are to plaintiff, Raymond Pink.

modified the judgment on the law and granted summary judgment in favor of WYHA, concluding that it did not owe plaintiff a duty of care since, unlike defendant, WYHA had not leased the arena. The Appellate Division affirmed the judgment as modified (125 AD3d 1376 [2015]). The court concluded that there were issues of fact as to whether defendant's duty to plaintiff "included the duty to protect plaintiff from Ricci's conduct, and, given the hostile environment in the arena before the fight . . . as to whether [defendant] knew or should have known of the likelihood of the fight" (125 AD3d at 1377 [internal citations omitted]). The court ultimately held that "a trier of fact should determine whether [defendant] had a duty to intercede and protect plaintiff" (id. [internal citations omitted]).

The dissent would have concluded that defendant did not owe a duty to protect plaintiff from Ricci's assault (id. at 1378 [Lindley, J., dissenting]). The dissent noted that "given the absence of prior fights among spectators at [Rome] youth hockey games, it was not foreseeable that plaintiff would be assaulted by another spectator, and, thus, [defendant] had no duty to protect him from that unanticipated harm" (id. at 1379). The Appellate Division granted defendant's motion for leave to appeal and certified for our review the question of whether the order denying defendant summary judgment was proper.

"[T]he definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden

declaration reserved for Judges" (<u>Palka v Servicemaster Mgt. Servs. Corp</u>., 83 NY2d 579, 585 [1994]). With respect to landowners and leaseholders, there is a "duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (<u>D'Amico v Christie</u>, 71 NY2d 76, 85 [1987]). That duty includes "minimiz[ing] foreseeable dangers on their property" (<u>Maheshwari v City of New York</u>, 2 NY3d 288, 294 [2004]), including "foreseeable criminal conduct" (<u>Burgos v Aqueduct Realty Corp.</u>, 92 NY2d 544, 548 [1998]).

We have recognized, however, "foreseeability and duty are not identical concepts" (<u>Maheshwari</u>, 2 NY3d at 294). "Foreseeability merely determines the scope of the duty once the duty is determined to exist" (<u>id.</u>). Accordingly, the scope of a duty "is defined by past experience and the 'likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor'" (<u>id.</u>, quoting <u>Nallan v Helmsley-Spear, Inc.</u>, 50 NY2d 507, 519 [1980][citations omitted]), and "is limited to risks of harm that are reasonably foreseeable" (<u>Sanchez v City of New York</u>, 99 NY2d 247, 253 [2002]).

Defendant was entitled to summary judgment. On this record, the criminal assault on plaintiff was not a reasonably foreseeable result of any failure to take preventive measures. While defendant owed a duty to protect spectators from

foreseeable criminal conduct, the scope of that duty is defined by the likelihood that the aggressive behavior would lead to a criminal assault. Defendant took measures to address player and spectator conduct. The behavior of the fans, however inappropriate, certainly did not create the risk that failure to eject any specific spectator would result in a criminal assault, particularly since such an assault had never happened before (see Maheshwari, 2 NY3d at 294; Sanchez, 99 NY2d at 252).

Plaintiff argues that defendant's failure to enforce the Zero-Tolerance policy by ejecting spectators constitutes independent evidence of negligence. The policy provides that "the on-ice official" will remove spectators using "obscene, racial or vulgar language" from the game. However, the "[v]iolation of a[n] [organization]'s internal rules is not negligence in and of itself" (Sherman v Robinson, 80 NY2d 483, 489 n 3 [1992]), and where an internal policy exceeds "the standard of ordinary care," it "cannot serve as a basis for imposing liability" (Gilson v Metropolitan Opera, 5 NY3d 574, 577 [2005]). Nor did the policy demonstrate that defendant was on notice of the likelihood of criminal assaults since a "general awareness" of incidents nationwide does not establish foreseeability here (Haire v Bonelli, 107 AD3d 1204, 1206 [3d Dept 2013]). Accordingly, we find it unnecessary to address defendant's remaining arguments for summary judgment.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, reversed, with costs, defendant Rome Youth Hockey Association Inc.'s motion for summary judgment dismissing the complaint as against it granted and certified question answered in the negative, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Garcia concur.  Judge Fahey took no part.


Decided October 25, 2016