(July 19, 2017)

■ NICHOLAS ABRAHAMS, an Infant, by His Mother and Natural Guardian, ANN MARIE REID, et al., Appellants, v CITY OF MOUNT VERNON, Respondent, et al., Defendant. [59 NYS3d 399]—

In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal from an order of the Supreme Court, Westchester County (Adler, J.), entered March 27, 2015, which granted the motion of the defendant City of Mount Vernon for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On August 17, 2009, then 11-year-old Nicholas Abrahams (hereinafter the infant plaintiff) was attacked and injured by a pit bull mixed breed dog. At the time of the incident, the infant plaintiff was visiting the Mount Vernon Animal Shelter (hereinafter the Shelter) at the invitation of his older brother, who was a volunteer there. The infant plaintiff allegedly was walking in the back kennel area of the Shelter with another volunteer when the dog, which was not in a cage, jumped on him and bit him. The infant plaintiff, by his mother, and his mother, individually, commenced this action against the City of Mount Vernon and the Shelter. After discovery was completed, the City moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiffs appeal.

" 'New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal' " (*Lew v Stratigakis*, 135 AD3d 832, 832 [2016], quoting *Egan v Hom*, 74 AD3d 1133, 1134 [2010]). For more than 200 years, "the law of this state has been that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]). "Once this knowledge is established, the owner faces strict liability" (*Bard v Jahnke*, 6 NY3d 592, 597 [2006]).

Here, the plaintiffs seek to hold a municipality liable for damages allegedly caused by a dog in its care. It is undisputed that the City operates the Shelter pursuant to a statutory mandate. Specifically, Agriculture and Markets Law § 114 (former § 115) requires, inter alia, that each town or city that issues dog licenses "shall . . . establish and maintain a pound or shelter for dogs" (Agriculture and Markets Law § 114 [1] [former § 115 (1)]). This provision is contained in article 7 of the Agriculture and Markets Law, which states that the purpose of the article "is to provide for the licensing and identification of dogs, the control and protection of the dog population and the protection of persons, property, domestic animals and deer from dog attack and damage" (Agriculture and Markets Law § 106).

The City's act of providing an animal shelter constitutes a governmental function and, therefore, it cannot be held liable absent the existence of a special relationship between it and the plaintiffs giving rise to a special duty of care (*see McLean v City of New York*, 12 NY3d 194, 199 [2009]; *Delaney v City of Mount Vernon*, 68 AD3d 710 [2009]; *Browne v Town of Hempstead*, 110 AD2d 102, 108 [1985]). " 'A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation' " (*McLean v City of New York*, 12 NY3d at 199, quoting *Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]).

The City established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence demonstrating that there was no special relationship between it and the plaintiffs, as it was performing a governmental function for the benefit of the general public (*see McLean v City of New York*, 12 NY3d at 200-201; *Browne v Town of Hempstead*, 110 AD2d at 108), it did not voluntarily assume a duty toward the plaintiffs, and it did not affirmatively act to place the infant plaintiff in harm's way (*see Sutton v City of New York*, 119 AD3d 851 [2014]). In any event, contrary to the plaintiffs' contention, the City demonstrated, prima facie, through the deposition testimony of an assistant animal warden at the Shelter and a veterinarian who provides veterinary services to the City, that it neither knew nor should have known of any vicious propensities on the part of the dog that attacked and bit the infant plaintiff (*see Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see id.*).

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.