Maher v White (2020 NY Slip Op 03219)





Maher v White


2020 NY Slip Op 03219


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2016-13412
 (Index No. 3502/12)

[*1]Joseph B. Maher, appellant, 
v
Charles White, et al., defendants, Wells Fargo Financial New York, Inc., et al., respondents.


Salenger Sack Kimmel & Bavaro, LLP, Woodbury, NY (Christopher Pogan and Beth S. Gereg of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Jordan J. Manfro of counsel), for respondents Wells Fargo Financial New York, Inc., and Carrington Mortgage Services, LLC.
Fidelity National Law Group, New York, NY (Paul J. McGeough and Daniel A. Womac of counsel), for respondents LPS Mortgage Processing Solutions, Inc., LPS National Taxnet, Inc., LPS Real Estate Data Solutions, Inc., LPS Field Services, Inc., Lender Processing Services, Inc., Fidelity National Management Services, LLC, LPS Services, LLC, BKIS, LLC, Black Knight Real Estate Data Solutions, LLC, and ServiceLink, LLC.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 9, 2016. The order granted the motion of the defendants LPS Mortgage Processing Solutions, Inc., LPS National Taxnet, Inc., LPS Real Estate Data Solutions, Inc., LPS Field Services, Inc., Lender Processing Services, Inc., Fidelity National Management Services, LLC, LPS Services, LLC, BKIS, LLC, Black Knight Real Estate Data Solutions, LLC, and ServiceLink, LLC, and the separate motion of the defendants Wells Fargo Financial New York, Inc., and Carrington Mortgage Services, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motions for summary judgment on the issue of liability against those defendants.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On May 26, 2011, the plaintiff, a police officer, was in the process of executing a parole arrest warrant, which required him to enter certain property in Hempstead (hereinafter the property). The plaintiff allegedly was injured when, while walking down a flight of stairs, the front edge of one step broke and he fell down the remaining stairs. At the time of the incident, the defendant Charles White owned the property, but had defaulted on his mortgage loan payments in April 2011. A mortgage was held on the property by nonparty Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, and the mortgage loan was serviced by the defendant [*2]Carrington Mortgage Services, LLC (hereinafter Carrington). As servicer of the loan, Carrington contracted with the defendant Fidelity National Information Services, LLC, for property preservation services at the property. Subsequently, Carrington contracted with the defendant Lender Processing Services, Inc., as successor in interest to the defendant Fidelity National Information Services, LLC, for property inspection and property preservation services. The defendants LPS Mortgage Processing Solutions, Inc., LPS National Taxnet, Inc., LPS Real Estate Data Solutions, Inc., LPS Field Services, Inc., Fidelity National Management Services, LLC, LPS Services, LLC, BKIS, LLC, Black Knight Real Estate Data Solutions, LLC, and ServiceLink, LLC, are reportedly affiliated with Lender Processing Services, Inc. (hereinafter, collectively with the defendant Fidelity National Information Services, LLC, the LPS defendants).
The plaintiff commenced three separate personal injury actions arising from the incident, and those actions were consolidated by the Supreme Court. As relevant here, the plaintiff asserted causes of action against the defendant Wells Fargo Financial New York, Inc., and Carrington (hereinafter together the mortgage defendants), and the LPS defendants, alleging common-law negligence as codified by General Obligations Law § 11-106, and alleging a violation of General Municipal Law § 205-e. Following the completion of discovery, the mortgage defendants and the LPS defendants (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the issue of liability against the defendants. In an order dated November 9, 2016, the court granted the defendants' separate motions and denied the plaintiff's cross motions. The plaintiff appeals, and we affirm.
To establish a prima facie case under General Municipal Law § 205-e, a plaintiff, in addition to demonstrating a violation of a relevant statute, ordinance, or regulation, must also establish a practical or reasonable connection between the alleged violation and the injury (see Annunziata v City of New York, 175 AD3d 438; Lewis v Palazzolo, 143 AD3d 783, 786). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Municipal Law § 205-e insofar as asserted against each of them by demonstrating that the cited provisions of the Code of the Village of Hempstead, sections 65-2 and 78-7, did not apply, since none of the defendants owned, occupied, operated, or controlled the property at the time of the incident (see Suero-Sosa v Cardona, 112 AD3d 706, 707; Pollard v
Credit Suisse First Boston Mtge. Capital, LLC, 66 AD3d 862, 863). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The "firefighter's rule," which "bars recovery in negligence for injuries sustained by a firefighter [or a police officer] in the line of duty" (Giuffrida v Citibank Corp., 100 NY2d 72, 76), was abolished by General Obligations Law § 11-106, except as to actions against municipal employers and fellow police officers (see Matter of Diegelman v City of Buffalo, 28 NY3d 231, 239). That exception does not apply here, and thus, the negligence cause of action asserted pursuant to General Obligations Law § 11-106 is not barred, as the Supreme Court determined. In the interest of judicial economy, we deem it appropriate to address those branches of the defendants' motions which were for summary judgment dismissing that cause of action insofar as asserted against each of them on the merits, rather than remit the matter to the Supreme Court, Suffolk County, to do so (see generally Wernicki v Knipper, 119 AD3d 775, 777).
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Suero-Sosa v Cardona, 112 AD3d at 707). "The existence and extent of a duty is a question of law" (Suero-Sosa v Cardona, 112 AD3d at 707 [internal quotation marks omitted]). As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property (see McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d 955, 957). "Where none of these factors is present, a party cannot be held liable for injuries caused by a dangerous or a defective condition" (Suero-Sosa v Cardona, 112 AD3d at 707). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against each of them by demonstrating that they did not own or control the subject premises, [*3]or assume any duty to the plaintiff, which might serve as a predicate for liability (see Pollard v Credit Suisse First Boston Mtge. Capital, LLC, 66 AD3d at 863). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, we agree with the award of summary judgment in favor of the defendants and the denial of the plaintiff's cross motions for summary judgment on the issue of liability against the defendants.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court