Zozzaro v Town of Hempstead (2021 NY Slip Op 07024)





Zozzaro v Town of Hempstead


2021 NY Slip Op 07024


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-08229
 (Index No. 609959/17)

[*1]Michael Zozzaro, appellant,
v
Town of Hempstead, respondent.


Rappaport, Glass, Levine & Zullo, LLP, Islandia, NY (Matthew Zullo and Christopher Glass of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered June 14, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that his right wrist and hand were bitten by a Siberian husky breed dog being boarded at an animal shelter owned and maintained by the defendant, Town of Hempstead. The dog had been picked up as a stray on the Meadowbrook Parkway. On the day of the incident, the plaintiff was visiting the animal shelter and had asked specifically to see the dog for the purpose of adoption. The plaintiff commenced this personal injury action against the Town, alleging, among other things, strict liability. After discovery was completed, the plaintiff moved for summary judgment on the issue of liability and the Town cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the Town's cross motion. The plaintiff appeals.
Agriculture and Markets Law § 114(1) provides, inter alia, that each town or city that issues dog licenses "shall . . . establish and maintain a pound or shelter for dogs." Here, since the Town issues licenses for dogs, it operates the shelter pursuant to the statutory mandate.
The Town's act of providing an animal shelter constitutes a governmental function and, therefore, the Town cannot be held liable absent the existence of a special relationship between it and the plaintiff giving rise to a special duty of care (see Abrahams v City of Mount Vernon, 152 AD3d 632, 634; Browne v Town of Hempstead, 110 AD2d 102, 105). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (McLean v City [*2]of New York, 12 NY3d 194, 199 [internal quotation marks omitted]; see Abrahams v City of Mount Vernon, 152 AD3d at 634; Browne v Town of Hempstead, 110 AD2d at 108).
Here, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that there was no special relationship between it and the plaintiff. The Town established that it was performing a governmental function for the benefit of the general public (see McLean v City of New York, 12 NY3d at 200-201; Abrahams v City of Mount Vernon, 152 AD3d at 634; Browne v Town of Hempstead, 110 AD2d at 108), it did not voluntarily assume a duty toward the plaintiff (see Abrahams v City of Mount Vernon, 152 AD3d at 634), and it did not affirmatively act to place the plaintiff in harm's way (see Sutton v City of New York, 119 AD3d 851, 852-853). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and properly granted the Town's cross motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the parties' remaining contentions.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court