Wall v Starbucks Corp. (2022 NY Slip Op 06953)

Wall v Starbucks Corp.

2022 NY Slip Op 06953

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-04389
 (Index No. 614031/17)

[*1]Timothy Wall, appellant,
v
Starbucks Corporation, respondent.

Law Offices of Andrew J. Carboy, LLC, New York, NY, for appellant.
Goldberg Segalla, Buffalo, NY (Meghan M. Brown, Joseph M. Hanna, and Karen Saab-Dominguez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered May 7, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a police officer, allegedly was injured while attempting to restrain an individual at a store operated by the defendant. A security guard working at the store testified at a deposition that, on the date of the incident, he called the 911 emergency number to report that an individual was trying to sleep in the premises in violation of the store's policy, had refused a request to leave, and had "yell[ed]" at another customer. The plaintiff and another officer responded to the premises in response to the 911 call. The plaintiff testified at his deposition that, after arriving at the premises, he spoke with the individual and tried to persuade him to leave the store. The plaintiff did not sense that the situation was going to escalate, and thought the individual would leave the store with him.
The plaintiff testified that he spoke with the individual for approximately 15 minutes, and that the individual's demeanor eventually began to change, he started yelling, and he made a threatening remark. When the individual then reached for a bag that he had with him, the plaintiff and the other officer attempted to restrain him. The individual resisted the officers and the plaintiff injured his shoulder during the struggle. The officers ultimately were able to handcuff the individual and escort him from the store.
Thereafter, the plaintiff commenced this action to recover damages for injuries he sustained during the incident, asserting causes of action alleging common-law negligence as codified by General Obligations Law § 11-106, and alleging a violation of General Municipal Law § 205-e. The defendant moved for summary judgment dismissing the complaint. By order entered May 7, 2020, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"The 'firefighter's rule,' which 'bars recovery in negligence for injuries sustained by [*2]a firefighter [or a police officer] in the line of duty,' was abolished by General Obligations Law § 11-106, except as to actions against municipal employers and fellow police officers" (Maher v White, 184 AD3d 630, 632 [citation omitted]; see Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1010). That exception does not apply here and, therefore, the Supreme Court erred in determining that the negligence cause of action asserted pursuant to General Obligations Law § 11-106 was barred by the firefighter's rule (see Maher v White, 184 AD3d at 632). However, under the circumstances of this case, and in the interest of judicial economy, we deem it appropriate to address that branch of the defendant's motion which was for summary judgment dismissing that cause of action on the merits, rather than remitting the matter to the Supreme Court, Nassau County, to do so (see id.).
"Possessors of land have a 'duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control'" (Zhang v ABC Corp., 194 AD3d 990, 991, quoting Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997-998 [internal quotation marks omitted]). "[T]he scope of the possessor's duty is defined by past experience and the likelihood of conduct on the part of third persons which is likely to endanger the safety of the visitor, and is limited to risks of harm that are reasonably foreseeable" (Zhang v ABC Corp., 194 AD3d at 991 [citation and internal quotation marks omitted]). A possessor of a public establishment has no duty to protect against unforeseeable and unexpected assaults (see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action by submitting evidence which demonstrated that the plaintiff's injuries resulted from an unexpected and unforeseeable assault (see Maheshwari v City of New York, 2 NY3d 288, 294; Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 861). In opposition, the plaintiff failed to raise a triable issue of fact.
"A police officer seeking to recover under General Municipal Law § 205-e must identify a statute or ordinance with which the defendant failed to comply and must, in addition, set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to him or her" (Quinto v New York City Tr. Auth., 7 AD3d 689, 689-690; see Williams v City of New York, 2 NY3d 352, 363; Vaughn v Veolia Transp., Inc., 138 AD3d 979, 980-981). Here, the defendant demonstrated, prima facie, that it was not in violation of any of the statutes alleged by the plaintiff (see Cerrato v Jacobs, 173 AD3d 1134, 1135-1136; Palladino v Monadnock Constr., Inc., 163 AD3d 698, 699). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court