Bockstruck v Town of Islip (2023 NY Slip Op 04100)

Bockstruck v Town of Islip

2023 NY Slip Op 04100

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-13793
 (Index No. 8516/11)

[*1]Kathy Bockstruck, et al., appellants-respondents,
v
Town of Islip, et al., defendants, Suffolk County Water Authority, respondent-appellant, West Islip Post, #1738-American Legion, Inc., respondent.

Edelman, Krasin, & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellants-respondents.
La Salle, La Salle & Dwyer, P.C., Sea Cliff, NY (Danielle M. Reinbachs and Sean P. Dwyer of counsel), for respondent-appellant.
Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant Suffolk County Water Authority cross-appeals, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 2, 2019. The order, insofar as appealed and cross-appealed from, granted that branch of the motion of the defendant West Islip, Post #1738-American Legion, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, also denied those branches of the motion of the defendant Suffolk County Water Authority which were for summary judgment dismissing the complaint insofar as asserted against it or for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the cross-appeal from so much of the order as granted that branch of the motion of the defendant West Islip, Post #1738-American Legion, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the cross-appellant is not aggrieved by this portion of the order (see Mixon v TBV, Inc., 76 AD3d 144, 152-156); and it is further,
ORDERED that the order is affirmed insofar as appealed from and insofar as reviewed on the cross-appeal; and it is further,
ORDERED that one bill of costs is awarded to the respondent payable by the appellants-respondents and the respondent-appellant.
In August 2012, the plaintiff Kathy Bockstruck, and her husband suing derivatively, commenced this action against, among others, the Suffolk County Water Authority (hereinafter the Water Authority), to recover damages for personal injuries they alleged Bockstruck sustained when [*2]she fell into an open utility hole in the road while she was marching in a parade in West Islip organized by the defendant West Islip, Post #1738-American Legion, Inc. (hereinafter the American Legion). The plaintiffs also commenced a separate action against the American Legion (hereinafter together with the Water Authority, the defendants). The actions were consolidated. Thereafter, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs opposed. In an order dated April 13, 2018, the Supreme Court, among other things, denied the motion of the American Legion, without prejudice to renew upon the completion of discovery, and denied the Water Authority's motion on the merits. Following completion of discovery, the American Legion again moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground, inter alia, that it had no duty to Bockstruck, as it had no control or responsibility over the road and simply hosted the parade. The Water Authority then moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it or for leave to renew its prior motion for summary judgment. In an order dated October 2, 2019, the court granted the American Legion's motion and denied the Water Authority's motion, declining to consider the merits of the Water Authority's successive motion for summary judgment. The plaintiffs appeal, and the Water Authority cross-appeals. We affirm.
Having granted the American Legion leave to renew following the completion of discovery in its April 2018 order, the Supreme Court properly considered the American Legion's second motion for summary judgment (see Matos v City of New York, 126 AD3d 570, 571). Upon its consideration of the motion, the Supreme Court properly granted the American Legion's motion for summary judgment dismissing the complaint insofar as asserted against it. "[A] threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Maher v White, 184 AD3d 630, 632). "The existence and extent of a duty is a question of law" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13). "As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property" (Maher v White, 184 AD3d at 632; see McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d 955, 957). Here, it is undisputed that Suffolk County owned and maintained the road where the plaintiffs allege Bockstruck's accident occurred, and that the Water Authority owned and maintained the open utility hole into which the plaintiffs allege Bockstruck fell.
In support of its motion, the American Legion submitted evidence which established, prima facie, that it did not possess control over the road, the open utility hole, or the condition of the parade route so as to give rise to a duty to protect parade participants from defects in the County roadway (see McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d at 957; Creutzberger v County of Suffolk, 140 AD3d 915, 916), and that it did not voluntarily assume such a duty (see Zozzaro v Town of Hempstead, 200 AD3d 936, 938; Welwood v Association for Children With Down Syndrome, 248 AD2d 707, 708). In opposition, the plaintiffs failed to raise a triable issue of fact.
The American Legion also established, prima facie, that it did not create the defective condition (see McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d at 957; Micek v Greek Orthodox Church, 139 AD3d 830, 831). The speculation of the plaintiffs to the contrary is insufficient to raise a triable issue of fact (see Fredette v Town of Southampton, 95 AD3d 939, 940; Fotiatis v Cambridge Hall Tenants Corp., 70 AD3d 631, 632).
Accordingly, the Supreme Court properly determined that the American Legion lacked any duty to Bockstruck with respect to the roadway condition which the plaintiffs alleged caused Bockstruck's accident and, thus, properly granted that branch of the American Legion's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
The Supreme Court also providently exercised its discretion in declining to entertain that branch of the Water Authority's motion which was a successive motion for summary judgment (see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475; Baviello v Patterson Auto Convenience Store, Inc., 170 AD3d 932, 934). Generally, successive motions for summary judgment [*3]should not be entertained, absent a showing of newly discovered evidence or other sufficient cause (see Wells Fargo Bank, N.A. v Carpenter, 189 AD3d 1124, 1125; Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475).
The Supreme Court also properly denied that branch of the Water Authority's motion which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it. A motion for leave to renew, not based upon a change of law, must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Baviello v Patterson Auto Convenience Store, Inc., 170 AD3d at 934; Caronia v Peluso, 170 AD3d 649, 650). Here, the Water Authority did not offer any excuse for its failure to submit its new evidence of maintenance records on its prior motion. Moreover, the maintenance records would not change the court's prior determination in its April 2018 order that the Water Authority failed to establish lack of constructive notice of the defective condition.
A defendant has constructive notice of a dangerous condition when the condition has been visible and apparent long enough for the defendant to have discovered and remedied it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "'To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time'" of the subject event (Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684, quoting Feola v City of New York, 102 AD3d 827, 828). The Water Authority's new submissions failed to establish when the open utility hole was last inspected so as to satisfy its burden on the issue of constructive notice.
In light of these determinations, we need not reach the parties' remaining contentions.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court