Goris v New York City Hous. Auth. (2024 NY Slip Op 02661)

Goris v New York City Hous. Auth.

2024 NY Slip Op 02661

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 155362/18, 595936/18 Appeal No. 2284 Case No. 2023-04718 

[*1]Humberto Goris, Respondent,
v
New York City Housing Authority, Appellant.
New York City Housing Authority, Third-Party Plaintiff,
v
Janac Girard, Third-Party Defendant-Respondent.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Jaroslawicz & Jaros PLLC, New York (Mark W. Walsh of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 4, 2023, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant demonstrated prima facie that it was not liable for third-party defendant Girard's attack on plaintiff because it was not reasonably foreseeable (see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 998 [2016]). No evidence was presented that Girard had engaged in criminal conduct prior to the attack or that he was violent, had a propensity toward violence, or had threatened any tenants of the building. Inconsiderate behavior, such as playing loud music at all hours, engaging in loud arguments with his sister in the apartment, and banging on the apartment walls, is insufficient to have placed defendant on notice that Girard would stab plaintiff in response to plaintiff's noise complaints (id.). While it was conceivable that the dispute might escalate into violence, "conceivability is not the equivalent of foreseeability" (Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 360 [1st Dept 2008], lv denied 11 NY3d 708 [2008]). Plaintiff failed to present evidence sufficient to raise a triable issue of fact concerning whether defendant was negligent in not taking steps to evict Girard prior to the attack.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024