Coyle v Dos-Santos (2024 NY Slip Op 05135)

Coyle v Dos-Santos

2024 NY Slip Op 05135

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 24279/17E Appeal No. 2850 Case No. 2023-04878 

[*1]Daniel Coyle, Plaintiff-Appellant,
v
Antonio Dos-Santos, Defendant, 3343-3345 Decatur Ave, LLC, Defendant-Respondent.

Mischel & Horn, P.C., New York (Ross Salvatore Friscia of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for respondent.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered September 11, 2023, which granted defendant 3343-3354 Decatur Ave, LLC's (Decatur) motion for summary judgment dismissing the complaint as against it, and denied plaintiff's cross-motion to amend the complaint as moot, unanimously affirmed, without costs.
Plaintiff, a police officer, was responding to a 911 call at Decatur's building, when defendant Antonio Dos-Santos pushed him down a staircase. Decatur established prima facie that it was not liable for the injuries plaintiff sustained by showing that the claimed defect was not actionable (see Savio v Rose Flower Chinese Rest., Inc., 103 AD3d 575 [1st Dept 2013]). Plaintiff testified that, when Dos-Santos shoved him, he lost his footing on the "slippery" and "old and marbly" stairs, so he was unable to prevent his fall. Plaintiff did not recall encountering any loose or unstable stairs, nor did he notice any debris or liquid on the stairs at any time. The inherent slipperiness of marble or stone, standing alone, does not constitute an actionable defect (see Wong v 15 Monroe Realty Inc., 194 AD3d 534, 534 [1st Dept 2021]; Sims v 3349 Hull Ave. Realty Co. LLC, 106 AD3d 466, 467 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's proffered expert affidavit is speculative, as he did not "personally inspect the step at issue but merely examined undated, unauthenticated photographs of it" (Wong, 194 AD3d at 534; see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC, 88 AD3d 464, 465 [1st Dept 2011]). Plaintiff's expert's conclusory assertions regarding the relevant safety standards were not supported with references to specific, applicable industry standards or practices (see Griffith v ETH NEP, L.P., 140 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). On the other hand, Decatur's expert personally inspected the staircase, employed a slip meter to measure the static coefficient of friction at the accident location, and concluded that the stairs provided a safe, nonslip walking surface under standards promulgated by various engineering and safety organizations (see Viselli v Riverbay Corp., 155 AD3d 439, 440 [1st Dept 2017], affd as mod 32 NY3d 980 [2018]).
Moreover, regardless of the merit of plaintiff's assertion that Decatur improperly maintained the staircase, Dos-Santos's spontaneous and unforeseeable criminal conduct constituted a supervening act, relieving Decatur of liability (see Ramos v New York City Bd. of Educ., 107 AD3d 583, 583 [1st Dept 2013]; see also Wall v Starbucks Corp., 211 AD3d 767, 769 [2d Dept 2022], lv denied 39 NY3d 912 [2023]). Plaintiff undisputedly testified that he fell backwards down the stairs because Dos Santos grabbed plaintiff and pulled him in, then put his foot on the wall, kicked off the wall and forcefully pushed him down the stairs. Plaintiff's suggestion that he might have been able to regain his footing if the stairs had been less slippery [*2]is speculative.
For the same reasons, the proposed claims under General Municipal Law § 205-e are untenable as a matter of law.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024