L.D. v Brooklyn Kings Plaza, LLC (2025 NY Slip Op 01906)

L.D. v Brooklyn Kings Plaza, LLC

2025 NY Slip Op 01906

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2020-05359
 (Index No. 508367/16)

[*1]L. D., etc., et al., appellants, 
v
Brooklyn Kings Plaza, LLC, et al., respondents, et al., defendant (and a third-party action).

Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Christopher Soverow], of counsel), for appellants.
Cozen O'Connor, New York, NY (William K. Kirrane and Orla G. Thompson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated June 26, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Brooklyn Kings Plaza, LLC, and Macerich Company which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2016, the plaintiff L. D. (hereinafter the infant plaintiff) allegedly was injured at a "vape shop," which sold electronic cigarettes and related paraphernalia, when an electronic cigarette exploded while the infant plaintiff was using it. The vape shop, owned by Igor Kanchik, was situated at an unenclosed kiosk located in an indoor mall owned and operated by the defendants Brooklyn Kings Plaza, LLC, and Macerich Company (hereinafter together the defendants).
The infant plaintiff, by his father and natural guardian, and his father suing individually, commenced this action against the defendants, among others, inter alia, to recover damages for the infant plaintiff's injuries. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them. By order dated June 26, 2020, the Supreme Court, inter alia, granted that branch of the motion. The plaintiffs appeal.
"Although landlords and permittees have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not the insurers of a visitor's safety" (Maheshwari v City of New York, 2 NY3d 288, 294). "In cases arising out of injuries sustained on another's property, the scope of the possessor's duty is defined by past experience and the likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor" (id. [internal quotation marks omitted]) and "is limited to risks of harm that are reasonably foreseeable" (Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 998 [internal quotation marks omitted]; see Sanchez v State of New York, 99 NY2d 247, 252; Wall v Starbucks [*2]Corp., 211 AD3d 767, 769). Thus, the owner of a public establishment has no duty to protect patrons against a harm that is unforeseeable and unexpected (see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d at 998; Wall v Starbucks Corp., 211 AD3d at 769; Lazar v TJX Cos., 1 AD3d 319, 319).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence insofar as asserted against them by submitting evidence demonstrating that the infant plaintiff's injuries resulted from the unexpected and unforeseeable explosion of an electronic cigarette while he was using it (see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d at 998; Haire v Bonelli, 107 AD3d 1204, 1205; Lazar v TJX Cos., 1 AD3d at 319).
The defendants also submitted evidence that they did not operate the vape shop at the kiosk, and they did not sell the infant plaintiff the electronic cigarette that was alleged to have exploded and caused his injuries. Thus, the defendants demonstrated, prima facie, that Public Health Law § 1399-cc, which imposes a statutory duty upon sellers of electronic cigarettes to not sell such products to minors (see id. § 1399-cc[2], [3]), was inapplicable to them under these circumstances.
In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court