Smith v Town of Hempstead (2025 NY Slip Op 05547)

Smith v Town of Hempstead

2025 NY Slip Op 05547

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-08887
 (Index No. 610848/21)

[*1]Sheryl Smith, appellant, 
v
Town of Hempstead, et al., defendants, PSEG Long Island, LLC, respondent.

Hecht Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Barker Patterson Nichols LLP, Garden City, NY (Adonaid C. Medina of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated June 26, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendant PSEG Long Island, LLC, and granted that branch of the cross-motion of the defendant PSEG Long Island, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant PSEG Long Island, LLC (hereinafter the defendant), to recover damages for personal injuries she alleged she sustained when she stepped into a pothole in a roadway in the Town of Hempstead. According to the plaintiff, the pothole was created when a storm knocked down power lines onto the road, causing that portion of the road to melt. The plaintiff moved for summary judgment on the issue of liability against the defendant, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it had no duty to maintain or repair the roadway. In an order dated June 26, 2023, the Supreme Court, inter alia, denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
"'[A] threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party'" (Bockstruck v Town of Islip, 219 AD3d 439, 441, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "'The existence and extent of a duty is a question of law'" (id., quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13). "'As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property'" (id., quoting Maher v White, 184 AD3d 630, 632). "A contractor may be held liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Rosa v City of New York, 215 AD3d 707, 708 [internal quotation marks omitted]).
Here, the defendant established, prima facie, that it was solely the responsibility of the Town to repair potholes on public roadways and that it did not create the alleged defect. The plaintiff failed to raise a triable issue of fact in opposition to this prima facie showing (see Bockstruck v Town of Islip, 219 AD3d at 441-442; cf. Selby v City of New York, 34 AD3d 440).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against the defendant and properly granted that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court