Riggio v Belscher (2025 NY Slip Op 05587)

Riggio v Belscher

2025 NY Slip Op 05587

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

652 CA 24-02044

[*1]RUSSELL E. RIGGIO, PLAINTIFF-APPELLANT,
v
DYLAN BELSCHER, TAMILA KACZMAREK, DEFENDANTS, AND ZACHARY KACZMAREK, DEFENDANT-RESPONDENT. 

RICHMOND VONA, LLC, BUFFALO (PETER F. BRADY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RUPP PFALZGRAF LLC, BUFFALO (JILL R. ALLEN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Joseph C. Lorigo, J.), entered September 24, 2024. The order granted the motion of defendants Zachary Kaczmarek and Tamila Kaczmarek for summary judgment dismissing the complaint and any cross-claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries that he allegedly sustained when he was assaulted by defendant Dylan Belscher while attending a party at the residence of Zachary Kaczmarek (defendant), which defendant and his mother, defendant Tamila Kaczmarek, co-owned. The complaint alleged, inter alia, that defendant was negligent in failing to "warn and protect [plaintiff] against foreseeable criminal activity." Defendant and his mother (collectively, homeowner defendants) moved for summary judgment dismissing the complaint and any cross-claims against them, and Supreme Court issued an order granting that motion. Plaintiff now appeals from the order insofar as it granted that part of the motion seeking summary judgment dismissing the complaint against defendant. We affirm.
Generally, landowners "have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85 [1987]). However, "a possessor of land, whether . . . a landowner or a leaseholder, is not an insurer of the visitor's safety" (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]). Thus, "the possessor cannot be held to a duty to take protective measures unless it is shown that [they] either know[ ] or ha[ve] reason to know from past experience that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor" (id. [internal quotation marks omitted]). The duty of landowners to protect visitors from third-party conduct "includes 'minimiz[ing] foreseeable dangers on their property' . . . , including 'foreseeable criminal conduct' " (Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 998 [2016]; see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]).
Contrary to plaintiff's contention, we conclude that the homeowner defendants met their initial burden with respect to defendant of "mak[ing] a prima facie showing of [his] entitlement to judgment as a matter of law" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Here, the homeowner defendants established that defendant was not aware of any history of aggression on Belscher's part that would have alerted defendant to a need to protect other guests on the property and that, under these circumstances, Belscher's assault "was not a reasonably foreseeable result of any failure [by defendant] to take preventive measures" (Pink, 28 NY3d at 998). We further conclude that, in opposition, plaintiff failed to raise a material issue of fact with [*2]respect to defendant's alleged negligence (see generally Alvarez, 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We note that "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a motion for summary judgment (Zuckerman, 49 NY2d at 562).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court